No. 31,961

THE FARMERS STATE BANK OF ALTON, and CHARLES W. JOHNSON, as Receiver, *Appellants*, v. J. O. COOLBAUGH, *Appellee*.

(39 P. 2d 915)

Opinion filed January 26, 1935.

*H. McCaslin,* of Osborne, for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the receiver of a failed bank to enforce double liability of a stockholder. Defendant prevailed, and the receiver appeals.

Defendant was owner of five shares of stock of the Farmers State Bank of Alton. In 1926 the shareholders made an assessment of 100 per cent on themselves to restore impaired capital. Defendant did not pay the assessment, because financially unable to do so. Instead, he assigned the certificate, and mailed it to the bank, with instruction to sell the shares, as provided by law. The bank did not sell the shares, retained the certificate, and carried the assessment as an asset until required to charge it off by the bank commissioner. The bank continued to do business until January, 1932. When the receiver took charge he found the certificate among the bank's papers.

After a trial the district court found the facts substantially as they have been recited, and simply stated as a conclusion of law that the receiver should take nothing. There is no brief for defendant, but counsel for plaintiff suggests the court's view seemed to be that failure of the bank officers to sell the shares to satisfy the assessment, and so to devest defendant of ownership, relieved

defendant of double liability as a stockholder accruing six years later.

There was no testimony and no finding that defendant followed up delivery of the share certificate to the bank for sale, with effort to see the bank did dispose of the shares, and so get defendant's name off the stock register as a stockholder. Indeed, defendant's own testimony, on which the court based no finding, was, defendant made no inquiry with respect to whether his stock had been sold. He received no notice of stockholders' meetings, attended no meetings, received no statements of the bank's financial condition, and merely assumed the matter had been taken care of as he requested.

Defendant did not propose to sell the shares to the bank, and the bank took no title to the shares by assignment and delivery of the certificate. Indeed, the bank could not take title to satisfy the assessment. To do so would be to withdraw that much capital, when the assessment was made to restore capital already impaired.

Assessment of stockholders is a means resorted to for the benefit of stockholders to keep the bank a going concern. It has nothing to do with double liability of a stockholder, which is imposed for benefit of creditors of the bank. Defendant assumed the shares could and would be sold to satisfy the assessment, in whole or in part. That would end his relation to the bank as stockholder, and the purchaser would be stockholder, subject to double liability. In that event it would be incumbent on defendant to see the transfer was made on the stock book of the bank, in order to relieve himself of double liability as stockholder.

If the shares could not be sold, or were not sold, defendant remained a stockholder. When the receiver took charge nothing had been done to get defendant's name off the stock register as a shareholder. Whether the officers of the bank were at fault or not, defendant still was a shareholder. Neither the receiver nor creditors for whose benefit double liability is imposed were at fault for this state of affairs, and the receiver should have recovered.

The principles of law applicable to the case have been discussed in the opinions in *Bank v. Strachan,* 89 Kan. 577, 132 Pac. 200; *Citizens Bank v. Needham,* 120 Kan. 523, 244 Pac. 7; *Kershaw v. Cozad,* 137 Kan. 128, 19 P. 2d 452; and in cases referred to in those opinions.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for plaintiff.